IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Baltazar Guerra Carrillo, | : | |
| | : | Case No. 1:26-cv-450 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Department of Homeland Security, *et al.*, | : | |
| | : | Order Granting Habeas Petition and |
| Respondents. | : | Denying as Moot Motion to Dismiss |
| | : | |

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Habeas Petition") filed by Petitioner Baltazar Guerra Carrillo.  (Doc. 1.)  Federal Respondents filed a Return of Writ.  (Doc. 9.)

Also pending before the Court is the unopposed Motion to Dismiss filed by the Butler County Sheriff Richard K. Jones.  (Doc. 8.)

**I.**

Guerra Carrillo, a citizen of Mexico, challenges his detention without a bond hearing at the Butler County, Ohio Correctional Complex in the custody of Federal Respondents.  He asserts that he first entered the United States in or about 1996.  (Doc. 1 at PageID 4; Doc. 9-1 at PageID 49–50.)  Immigration records show that he voluntarily returned to Mexico four times between 1997 and 2001.  (Doc. 9-1 at PageID 50.)  He re-entered the United States in 2001.  (Doc. 9-2 at PageID 52.)  He filed an Application for Cancellation of Removal and Adjustment of Status for Non-Permanent Residents on November 6, 2013, but his removal proceedings remain pending.  (Doc. 1 at PageID 5; Doc. 9-3 at PageID 56–57.)

Guerra Carrillo has been detained by ICE since April 9, 2026.  (Doc. 1 at PageID 4.)  He

1

applied for a bond hearing, but the Immigration Judge denied his request stating that he "lack[ed] jurisdiction." (Doc. 1 at PageID 25.)

Guerra Carrillo asserts in his Habeas Petition that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the INA, 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a). He asserts that his statutory and due process rights are being violated. (Doc. 1 at PageID 11–13.)[1]

After Guerra Carrillo filed his Habeas Petition, but before the Federal Respondents filed their Return of Writ, the Sixth Circuit Court of Appeals issued a decision on May 11, 2026 that is dispositive in this matter. The Sixth Circuit held that noncitizens like Guerra Carrillo, who are not currently seeking admission or lawful entry into the United States, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2). *Lopez-Campos v. Raycraft*, No. 25-1965, 1969, 1978, 1982, — F.4th —, 2026 WL 1283891, at *3, 11 (6th Cir. May 11, 1973). Instead, such noncitizens already present in the United States are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id.* at *3, 11, 13.

Federal Respondents concede that *Lopez-Campos* is controlling and that Guerra Carrillo is entitled to a bond hearing before an Immigration Judge.[2] The Court holds on the authority of *Lopez-Campos* that Federal Respondents are violating Guerra Carrillo's statutory rights under the INA and due process rights under the Fifth Amendment by detaining him without a bond

---

[1] Guerra Carrillo also asserts that he is entitled to relief under the Suspension Clause of the United States Constitution. (Doc. 1 at PageID 13.) The Court need not address that claim, because it is awarding relief under the INA and the Due Process Clause.

[2] Federal Respondents suggest that Guerra Carrillo can request a bond hearing again in the immigration proceedings and that a bond hearing will be required. (Doc. 9 at PageID 46–47.) However, they also acknowledge that they are considering their options to appeal the *Lopez-Campos* decision. (*Id.* at __.) Given the uncertainty how Federal Respondents will proceed, the Court will rule on the pending Habeas Petition without requiring administrative exhaustion.

2

hearing.  2026 WL 1283891, at *3, 11, 13.[3]

## II.

The Habeas Petition (Doc. 1) is **GRANTED**.  The Court ORDERS that within eleven days of entry of this Order, Federal Respondents shall either (1) provide Guerra Carrillo with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Guerra Carrillo from custody.  If Federal Respondents choose to provide a bond hearing in lieu of releasing Guerra Carrillo from custody, then:

> (1) Federal Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;
>
> (2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;
>
> (3) Federal Respondents shall bear the burden of persuasion to justify Guerra Carrillo's continued detention and adduce clear and convincing evidence that Guerra Carrillo is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and
>
> (4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Guerra Carrillo's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within fourteen days of entry of this Order, Federal Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Guerra Carrillo was released from

---

[3]  This Court had reached the same conclusion in materially analogous cases prior to *Lopez-Campos*.  *See, e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).  To be clear, the Court would hold the same in this case even if the *Lopez-Campos* decision had not been issued.

custody.[4]

Finally, the Butler County Sheriff's Motion to Dismiss (Doc. 8) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[4]  Guerra Carrillo seeks attorney fees and costs.  (Doc. 1 at PageID 15.)  The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ."  28 U.S.C. § 2412(b).  The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute and the local rules.